

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE MONTALVO | : CIVIL ACTION NO. 301CV685 AVC |
| Plaintiff, | : |
| v. | : |
| HOME DEPOT U.S.A., INC. | : |
| Defendant. | : November 10, 2003 |

### PROTECTIVE ORDER

Pursuant to the attached Motion, On Consent, for Protective Order, it is hereby ORDERED:

1.	As used herein, the term "documents" includes documents or other materials which are produced by any party or otherwise made available by any party in this action.

2.	As used herein, the term "attorneys" includes each party's attorneys of record in these proceedings, their partners and associates, and clerks, assistants, and other persons employed by such attorneys, all of whom shall be bound by the provisions of this order to the same extent as the attorneys of record.

3.	The party producing a document may designate all or any portion thereof as "confidential." Confidentiality may be claimed with respect to documents of the following types, but this paragraph shall not be deemed to exclude any type of classification of documents for which confidentiality is claimed by the party producing the documents: (i)

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

documents containing information which is confidential and/or proprietary; (ii) documents containing information relating to the party's policies, procedures and/or contracts; (iii) documents containing information relating to the party's pricing and/or commissions structure; (iv) documents containing information relating to the party's products, techniques and/or know how; and (v) documents relating to the plaintiff's medical conditions, medical treatment and/or medical evaluation.

    4.    Attorneys for any party obtaining confidential documents from the other party shall not disclose such documents to any other person except: (a) other attorneys for that party; (b) persons retained by a party or attorneys to any party to assist in the preparation for or the conduct of these judicial proceedings such as independent accountants, statisticians, economists, physicians or other experts; and (c) those directors, officers, agents and employees of parties to this action who are assisting in the preparation for or the conduct of these judicial proceedings.

    5.    All persons described in Paragraphs 4(b) and (c) shall be informed of the terms of this Protective Order prior to disclosure to them of any confidential documents and shall agree to be bound by such terms.

    6.    Confidential material shall not be used or disclosed, in whole or in part, directly or indirectly, by any person granted access thereto or disclosure thereof under or as the result of this Protective Order, for any purpose or to any person or entity whatsoever, except insofar as and to the extent that (i) such use or disclosure is reasonably required in

2

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

the preparation and/or trial of this action, and (ii) such use or disclosure complies fully with all provisions of this Protective Order.

7. Confidential Documents shall be used solely for the purpose of litigation of this action, and none of said Confidential Documents shall be used by or on behalf of any party for business, commercial or competitive purposes.

8. Any portions of deposition transcripts (including exhibits thereto) and/or responses to interrogatories in which use or reference is made to Confidential Documents or to information generated from Confidential Documents are to be used and treated as Confidential Documents in the manner described in Paragraphs 4-8 of this order, except that deposition transcripts may be filed with the Court under seal and subject to such other conditions as the Clerk deems necessary to safeguard the confidentiality of the information.

9. This Protective Order shall remain in full force unless and until replaced by another protective order of this Court.

10. At any time during the course of this litigation, attorneys for any party, for good cause and upon notice to the other party, may request this Court to remove the effect of the Protective Order as to any designated Confidential Documents. Any request shall be made to the Court which issued this Protective Order.

11. The provisions of this Order shall apply only to documents produced by a party pursuant to the discovery provisions of the Connecticut Practice Book.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

12. Upon final termination of this action, including all appeals therefrom, attorneys for any party in this action shall assemble and return to the opposing party all Confidential Documents obtained by them under the provisions of this Protective Order, unless otherwise ordered by the Court or as otherwise agreed by the opposing party.

By the Court,

_____
Judge  Alfred V. Covello

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

## CERTIFICATION OF SERVICE

    I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 10th day of November 2003, to:

Enrico Vaccaro, Esq.
1057 Broad Street
Bridgeport, CT  06604

_____
Jose M. Rojas

341945 v.01