UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSE MONTALVO | : | CIVIL ACTION NO. 301CV685 AVC |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HOME DEPOT U.S.A., INC. | : | |
| | : | |
| Defendant. | : | DECEMBER 9, 2003 |

## HOME DEPOT'S PRELIMINARY
## REQUEST TO CHARGE

Prior to the commencement of the trial of this case, the Defendant, Home Depot, U.S.A., Inc. ("Home Depot") submits its preliminary request to charge. Pursuant to the Court's order, Home Depot has omitted the general instructions. Home Depot specifically requests that the Court read the instructions attached as Exhibit A to the jury or indicate which of these instructions will be given and which will be refused. Home Depot further requests the opportunity to amend these instructions and to add factual statements from the evidence presented at the time of trial.

DEFENDANT,
HOME DEPOT U.S.A., INC.

By _____

Jose M. Rojas
Federal Bar No. ct22569
For Shipman & Goodwin LLP
One American Row
Hartford, CT 06103-2819
Telephone: (860) 251-5000
Telecopier: (860) 251-5775
Its Attorneys

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed, via U.S. mail, postage prepaid, this the 9th day of December, 2003, to:


Enrico Vaccaro, Esq.
1057 Broad Street
Bridgeport, CT  06604


Jose M. Rojas

- 3 -

## 1.  NEGLIGENCE[1]

In this case, Mr. Montalvo has charged that Home Depot was negligent and Home Depot has countered that Mr. Montalvo was negligent himself.  Therefore, it would be helpful to understand the concept of negligence.

Negligence generally refers to the failure to do what the reasonably prudent person would have done under the same circumstances.  To recover in an action for negligence, a party must prove four elements, which will be discussed in greater detail shortly.  First, the plaintiff must prove that the defendant owed him a duty to use reasonable care under the circumstances.  Next, the plaintiff must prove that the defendant failed to exercise reasonable care under the circumstances.  Third, the plaintiff must prove that the defendant's negligence, if any, caused the claimed injuries and damages.  Finally, the plaintiff must prove that he has suffered some actual injury or damage.

It is important that you remember that the party seeking to prove negligence must prove each of the four elements by the preponderance of the evidence standard I already explained to you.

---

[1] Adapted from Wright & Ankerman, Connecticut Jury Instructions, 4th Ed., §§110, 231, 523, 552, 560.

- 4 -

**SHIPMAN & GOODWIN** LLP • *COUNSELORS AT LAW*

ONE AMERICAN ROW • HARTFORD, CONNECTICUT  06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

## 2. DUTY OF CARE OWED BY HOME DEPOT[2]

Home Depot owed Mr. Montalvo a duty to use reasonable care because Mr. Montalvo was a customer of Home Depot. The duty to use reasonable care under the circumstances in a business setting requires three things. First, it requires that the business reasonably remedy a defect that is known or could have been discovered upon a reasonable investigation. Next, the business is required to warn customers of a defect that is known by the business or that could have been discovered upon a reasonable investigation if the defect is such that it could not reasonably have been discovered by the customer himself at a meaningful time. Finally, the business is required to refrain from conducting its business in a way that would tend to cause injury to the plaintiff. This duty to warn a customer of a dangerous condition extends only to those conditions a customer cannot be reasonably expected to discover on his own.

However, Home Depot is not an insurer and is not required to guarantee that, if anybody comes into the store and is hurt, no matter how, it will pay for it. Neither Home Depot nor any other business or person has a duty to keep its premises absolutely safe at all times for all persons. The only duty imposed on Home Depot and other business owners is the duty to use reasonable care in keeping the store reasonably safe.

---

[2] Adapted from Morin v. Bell Court Condominium Ass'n, Inc., 223 Conn. 323, 612 A.2d 1197 (1992); Wright & Ankerman, Connecticut Jury Instructions, 4th Ed., §§522(a)(i), 552, 560, 563.

- 5 -

### 3.  **REASONABLE CARE**[3]

The second element of negligence is the failure to exercise reasonable care.  In determining the care that a reasonably prudent person would use in the same circumstances, you should consider all of the circumstances which were known or should have been known at the time of the conduct in question.  Whether care is reasonable depends upon the dangers that a reasonable person would perceive in those circumstances.  It is common sense that the more dangerous the circumstances, the greater the care that ought to be exercised.

Let me give you an example.  It may be reasonably safe to drive a car at fifty-five miles per hour on a dry road.  However, if that same road is covered with ice, driving at fifty-five miles per hour may not seem so reasonable, in fact it may be unreasonably dangerous.  Therefore, you should always make reference to what the reasonably prudent person would have done under similar circumstances.

In this case the plaintiff claims that Home Depot did not use reasonable care in that it did not warn about or remedy a condition that it should have reasonably known existed.  You cannot find that Home Depot was negligent unless you conclude that it knew or should have known that the bag of peat moss was dangerously stacked and that Home Depot failed to exercise reasonable care in that it did not warn the plaintiff about the danger.

---

[3] Adapted from Wright & Ankerman, Connecticut Jury Instructions, 4th Ed., §§523, 560 and Civil Jury Instructions, State of Connecticut Judicial Branch.

**SHIPMAN & GOODWIN** LLP • *COUNSELORS AT LAW*

ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

## 4.  NO DUTY TO WARN OF OBVIOUS AND/OR KNOWN CONDITION[4]

The plaintiff has alleged that Home Depot failed to warn him of a danger.  The purpose of a warning is to notify a party about a condition so that he should proceed with reasonable care.  If a party is already on notice of a condition through his own sensory observation, then it stands to reason that no warning is required under the circumstances.  Likewise, no warning is required if the plaintiff was capable of discovering a defect had he made reasonable use of his own faculties.  That is, if the condition is open and obvious to the plaintiff, there can be no breach of a duty to warn.  This is the law because warning a customer against a danger which is so obvious that he may be expected to discover it is unnecessary.  If you find in this case that Mr. Montalvo knew that the bag of peat moss was in danger of falling had he made reasonable use of his own faculties, then Home Depot cannot be held liable under a theory of failing to warn.

---

[4] Adapted from Haesched v. Kissner, 229 Conn. 213, 640 A.2d 89 (1994); Warren v. Stancliff, 157 Conn. 216, 251 A.2d 74 (1968); Kraus v. Newton, 14 Conn. App. 561, 542 A.2d 1163 (1988); Ayala v. B & B Realty Co., 32 Conn. Supp. 58, 337 A.2d 330 (1974).

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

## 5. <u>CAUSATION</u>[5]

The third element of negligence is causation. Causation refers to the inquiry of whether the conduct claimed to be unreasonable actually caused the injuries and damages that are claimed. It is not enough that the plaintiff suffers an injury and the defendant failed to act reasonably under the circumstances. There must be a sufficient link between the conduct and the injury to show that the conduct actually caused the injury. If an injury is actually caused by something other than Home Depot's conduct, then the plaintiff may not recover for that injury.

The test used to determine whether causation exists is the substantial factor test. This test simply requires you to determine whether, upon finding Home Depot failed to use reasonable care, that the failure to use reasonable care was a substantial factor in causing the injuries claimed.

You should keep in mind that each injury may have more than one cause. In other words, there can be more than one substantial factor in causing an injury. However, this does not mean that every conceivable cause should be considered a substantial factor. You must sort factors that really played a substantial part in causing an injury from factors that simply appear as if they might have played some part in causing the injury. Simply, there must be some definitive basis for determining that conduct was a substantial factor in causing an injury.

Home Depot submits that various of Mr. Montalvo's injuries pre-existed the incident at Home Depot and/or were caused by circumstances other than the incident at Home Depot.

---

[5] Adapted from Wright & Ankerman, <u>Connecticut Jury Instructions</u>, 4th Ed., §110.

- 8 -

If you determine that any of Mr. Montalvo's injuries were caused by circumstances other than the incident at Home Depot, then you may not hold Home Depot liable for these injuries. Similarly, if you find that the injury resulted from the incident at Home Depot, but that some other independent condition or circumstance worsened the injury, you may only hold Home Depot liable for the initial injury, and may not hold Home Depot liable for the worsened condition.

The following is an example of how you may apply this concept. This example is in no way intended to influence your decision in this case or about the amount of liability to assess. It is simply to illustrate how to apply causation and pre-existing condition concepts.

Let us suppose that a plaintiff has a pre-existing injury which one might describe, in terms of intensity, as a two on a scale of zero to ten. Then let us suppose the plaintiff suffered the injury giving rise to the relevant action and after the incident the injury is a four on the scale of zero to ten. If the worsening of the injury was caused by the defendant, then the defendant can only be held liable for the difference between the two and four. You cannot award damages for the initial injury.

- 9 -

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

### 6.  <u>COMPARATIVE NEGLIGENCE</u>[6]

Home Depot has claimed that Mr. Montalvo's injuries and losses were caused by his own negligence.  Before you address the issue of damages, you should consider the issue of comparative negligence.  This doctrine recognizes that a plaintiff's own negligence may have partially or entirely caused his injuries.  If you find that the plaintiff was negligent, his recovery may be reduced or barred in its entirety depending upon your assessment of fault as hereinafter described.

As with ordinary negligence, comparative negligence requires that there be a duty to use reasonable care, a breach of that duty, causation, and actual injuries and damages.  The standard for each of these elements is the same as has been earlier noted.  Mr. Montalvo's duty in this case was to use reasonable care to protect himself.  That duty requires him to exercise reasonable care to avoid dangers known to him, and to discover dangers to which he might become exposed.  In determining whether Mr. Montalvo breached these duties, once again I charge you that the key consideration is whether his conduct was reasonable under the circumstances.

If you find that Mr. Montalvo contributed to his injury, you may find that Mr. Montalvo did not meet his duty to use due care.  It is up to you to determine what degree of fault rests with the plaintiff.

The first thing that you should do if you find that Mr. Montalvo was himself negligent is determine whether Mr. Montalvo's own negligence, if any, was greater than the

---

[6] Adapted from <u>Christina v. City of New Haven</u>, No. CV94 0359464, 1995 Conn. Super. LEXIS 1343 (May 8, 1995) (DeMayo, Referee); Conn. Gen. Stat. § 52-572h and earlier instructions.

- 10 -

negligence, if any, of Home Depot. If you find that Mr. Montalvo's negligence was greater than that of Home Depot, meaning it was greater than 50%, and that it was a substantial factor in causing his injuries, then you must return a verdict in favor of Home Depot.

If you find that Mr. Montalvo's negligence, if any, was less than or equal to the negligence, if any, of Home Depot, then your analysis becomes slightly more complicated. The rule is that if a plaintiff's negligence is not greater than the defendant's negligence, the percentage of the plaintiff's fault shall diminish the amount of the plaintiff's damages by that percentage.

In such a case, you start your analysis with the combined total negligence of the two parties as 100%. You then must determine what percentage of this 100% is attributable to Mr. Montalvo and what percentage is attributable to Home Depot. You must then reduce your award by the percentage of Mr. Montalvo's negligence. The Verdict Forms that will be provided to you include the necessary blanks to allow you to make the appropriate calculations, if necessary.

The following is an example of how you may apply this formula. This example is in no way intended to influence your decision in this case or about the amount to be awarded. It is simply to illustrate how comparative negligence works.

Let us suppose that the fair and reasonable compensation for a plaintiff's injuries would be $12,000.00, that the plaintiff's own negligence is 33 1/3%, and that a particular defendant's negligence is 66 2/3%. In such a case the total verdict of $12,000 is reduced by the percentage of the plaintiff's own negligence (33 1/3% or $4,000) so that the plaintiff ultimately recovers $8,000.

- 11 -

**SHIPMAN & GOODWIN** LLP • *COUNSELORS AT LAW*

ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

Remember that you will not use this formula if the plaintiff's negligence is greater than the negligence of Home Depot. That means if a jury were to determine that the plaintiff was at least 51% responsible for his own injuries, then the plaintiff cannot recover from the defendant. You must also remember that Mr. Montalvo is not necessarily entitled to recover even if you find that Mr. Montalvo was not himself negligent. To prevail, he must still prove that Home Depot failed to exercise reasonable care, and that the failure caused the plaintiff to suffer injuries. If you determine that some other event caused Mr. Montalvo's injuries, he may not recover from Home Depot.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW

ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

## 7. <u>DAMAGES</u>[7]

You are only required to consider the issue of damages if Mr. Montalvo proves that Home Depot was negligent, that its negligence caused Mr. Montalvo's injuries, and that the plaintiff's own negligence was not greater than Home Depot's negligence. Only then will you be required to determine the amount of damages that the plaintiff may recover. My instruction to you regarding damages in no way implies that Mr. Montalvo is entitled to recover damages. These instructions are merely meant as a guide, if you determine that Home Depot should be held liable. If you determine that Home Depot is not liable, or that Home Depot is less liable than Mr. Montalvo, no damages should be awarded.

First, it may be helpful to understand the difference between economic and noneconomic damages, as you will be asked to separate your award into these two categories. Economic damages, as the name implies, can be readily determined by reference to a monetary amount. They include past and future lost wages, past and future medical bills, and lost earnings capacity. Where evidence is submitted as to actual out-of-pocket expenses, you must determine if those expenses were reasonable and necessary and whether those expenses were incurred as a result of the defendant's conduct. Where, however, damages are claimed for the future, the plaintiff must establish with reasonable probability what those expenses will be. You are not permitted to guess at what future economic damages might be. Rather, the plaintiff must present an adequate evidentiary basis for supporting any award of future economic damages.

---

[7] Adapted from Conn. Gen. Stat. §52-572h; <u>Childs v. Bainer</u>, 35 Conn. App. 301, 645 A.2d 217 (1994); Wright & Ankerman, <u>Connecticut Jury Instructions</u>, 4th Ed., §§226, 232, 597.

**SHIPMAN & GOODWIN** LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

Noneconomic damages are somewhat less definite. They are damages that cannot be readily reduced to a monetary amount by reference to some bill or past pattern. They include damages such as pain and suffering and loss of life's activities. In arriving at a fair award of damages for these items, since you have no set monetary reference, you are bound only by the rules that I am about to state.

There are many things to keep in mind when arriving at an award of damages. First, the injuries and damages for which the plaintiff can be compensated are limited by the allegations of his complaint. With this in mind, it becomes important to know the injuries and damages that the plaintiff has alleged in his complaint. The plaintiff alleges that he has suffered, and where noted will suffer: herniated cervical discs at C4-C5 and C5-C6; cervical radiculopathy; contusion to the cervical spine; hyperextension injury to cervical spine; post surgical dysphagia; concussion; bilateral tempero-mandibular joint syndrome; incurrence of expenses relating to medical care and treatment and future earnings. Additionally, the plaintiff claims that these injuries have caused him to lose the enjoyment of life's activities. If you find that the plaintiff suffered an injury that has not been enumerated, you may not properly compensate him for it.

Next, you must find that the plaintiff actually proved by a fair preponderance of the evidence that he has actually suffered the injuries alleged as a result of Home Depot's conduct. A mere allegation of an injury is insufficient to afford a basis for recovery. The party must prove to you that they actually suffered that injury.

- 14 -

**SHIPMAN & GOODWIN** LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

It is also insufficient to establish the mere existence of an injury without causation. Home Depot is not an insurer. Home Depot is liable only for those injuries which it has actually caused, if any.

Further, in arriving at an amount of monetary damages, you must choose a fair, just and reasonable amount to compensate the plaintiff for his injuries. This is an evaluation that has subjective elements, to be sure. At the same time, however, you cannot allow feelings of generosity or sympathy to affect the amount of money that you award to the plaintiff. Likewise, you may not treat Home Depot any better or worse than any other defendant, merely because it is a corporation. Taking into consideration all of the evidence that you have heard, you must simply attempt to award the plaintiff a monetary amount, if any is required, that it is fair, just and reasonable compensation.

You must also remember that your only goal in awarding damages, if such an award is appropriate, is to compensate the plaintiff. You may have heard the term punitive damages which are sometimes said to punish the defendant. Punitive damages have no place in a civil action based upon a theory of negligence. Punishment is not a legitimate concern in negligence actions. Once, again your only goal is to award fair, just and reasonable damages to the plaintiff, if he is entitled to damages at all. There may be no award of punitive damages in this case.

- 15 -

## 8.  LOSS OF EARNING CAPACITY AS DAMAGES[8]

If you determine that Mr. Montalvo is entitled to damages and that Home Depot's

negligence caused an impairment or loss of his future earning power, that is a proper basis

for recovery.  Recovery for loss of future earnings capacity differs from a recovery for lost

wages, which are wages lost before the start of trial.  In this case, because Mr. Montalvo was

not working at the time of the incident, it would not be appropriate for you to award damages

for lost wages.  However, in determining the amount to be allowed for an impairment or loss

of earning capacity, you must look more to the future than to the past.  To award damages

for lost earning capacity, the plaintiff must prove with a preponderance of the evidence that

losses are reasonably probable and that allows you to make a fair and reasonable estimate of

those losses.  In the instant case, Mr. Montalvo was not working at the time of the accident.

In determining whether to award damages for lost earnings, you must ascertain whether it

was reasonably probable that Mr. Montalvo would return to work.

In coming to a conclusion about future lost earning capacity, you may consider

evidence of past earnings, and you can weigh them in light of the various circumstances and

evidence.  For example, if you conclude that the plaintiff has presently lost some capacity to

earn wages but he will at some time in the future regain his full earning capacity or a portion

thereof, you should adjust your award according.

You must also decide for what period of time the plaintiff might have been fairly been

expected to live and work.  In determining how long Mr. Montalvo would probably have

---

[8] Mazzucco v. Krall Coal & Oil Co., 172 Conn. 355, 360, 374 A.2d 1047, 1049 (1977); McManus v. Jarvis,
128 Conn. 707, 713-14, 22 A.2d 857, 860 (1939); Douglass B. Wright & William L. Anckerman, Connecticut
Jury Instructions, § 232 (4th Ed. 1993).

- 16 -

continued working, you should consider your own knowledge and life experience and the evidence presented regarding the plaintiff's intention and ability to work. In the instant case, it will be particularly important for you to determine whether it was Mr. Montalvo's intent or not to return to work. You should consider all natural incidents of life that in the normal process of existence might reduce Mr. Montalvo's aggregate earning capacity such as accident, sickness, disability and old age. Finally, you should consider Mr. Montalvo's physical condition prior to the injury. As you know, in the instant case, the defendant has presented evidence that Mr. Montalvo suffered from a pre-existing injury. In determining any award for lost earnings, you must consider whether his prior injury in any way impacted on his failure to continue working.

- 17 -

## 9. <u>DUTY TO MITIGATE DAMAGES</u>[9]

Mr. Montalvo has a duty to mitigate damages. Even if you find that Mr. Montalvo was injured by Home Depot, Mr. Montalvo was obligated to use reasonable care to minimize the resulting losses and damages caused thereby and to promote recovery. This rule is one of good faith and reasonable conduct. You may find that Mr. Montalvo met this requirement if he did what a reasonably prudent person would have been expected to do under the same circumstances. As part of Mr. Montalvo's duty to minimize his damages, it was his duty to follow the advice given to him by doctors.

Mr. Montalvo failed to follow the advice given to him, and thereby retarded or lessened his recovery, to the extent that is so, defendant is not liable to compensate him. In the instant case, you have heard evidence that Mr. Montalvo did not complete a course of physical therapy which had been ordered by one of his doctors. If you find that Mr. Montalvo in fact did fail to follow the advice given to him, and that this failure retarded or lessened his recovery, you may find that the defendants are not liable to compensate him for the ensuring damages.

Also, Mr. Montalvo is obliged to return to work if he is able. You must decide whether Mr. Montalvo is capable of working in some capacity, and whether he has made any

---

[9] Douglass B. Wright & William L. Ankerman, <u>Connecticut Jury Instructions</u>, § 242 (4th Ed. 1993)

- 18 -

efforts to work and mitigate damages for lost earnings.  If Mr. Montalvo has failed to carry out this duty, the defendant is not liable to him.

**SHIPMAN & GOODWIN** LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

## 10. RECKLESSNESS[10]

In addition to claiming that Home Depot was negligent, in Count Two of the Complaint, the plaintiff also alleges that Home Depot acted recklessly. To recover in an action for recklessness, a party must prove that the defendant acted with reckless disregard of the rights of others in one of the ways alleged in the complaint and that such conduct was the legal cause of the plaintiff's actual injuries.

Recklessness involves highly unreasonable conduct involving an extreme departure from ordinary care in a situation where a high degree of danger is present.

Recklessness is a state of consciousness with reference to the consequences of one's acts. To be guilty of recklessness, the defendant, however, must be conscious of the challenged conduct and conscious that the conduct will naturally or probably result in injury. Recklessness is more than negligence and more than gross negligence. Reckless conduct is highly unreasonable conduct involving an extreme departure from ordinary care in a situation where a high degree of danger is apparent. Such aggravated negligence must be more than

---

[10] See Dubay v. Irish, 207 Conn. 518, 532-33, 542 A.2d 711, 718-19 (1988), Rogers v. Doody, 119 Conn. 532, 534-36, 178 A. 51, 53 (1935), Bordonaro v. Senk, 109 Conn. 428, 431-32, 147 A. 136, 137 (1929), Douglass B. Wright & William L. Ankerman, Connecticut Jury Instructions §§ 190, 194, 539, 610, 612 (4th Ed. 1993), and the previous instructions on causation.

**SHIPMAN & GOODWIN** LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness, inadvertence, or simply inattention.

If you determine that Home Depot acted recklessly, you must then determine whether Home Depot's conduct legally caused Mr. Montalvo's injuries. As I previously explained to you, the test for legal cause has two components: cause in fact and proximate case. To determine whether Home Depot's conduct was the cause in fact of Mr. Montalvo's injuries, ask yourself whether his injury would have occurred but for Home Depot's conduct. If the answer is "yes," then Home Depot's conduct was not a cause in fact of Mr. Montalvo's injuries, and Mr. Montalvo may not recover damages for this claim.

To determine whether Home Depot's conduct was the proximate cause of Mr. Montalvo's injuries, ask yourself whether Home Depot's conduct was a substantial factor that materially contributed to Mr. Montalvo's injuries and whether the harm that occurred was of the same general nature as the foreseeable risks created by Home Depot's conduct. If you determine that Home Depot's conduct materially contributed to Mr. Montalvo's injuries and that those injuries would not have occurred but for Home Depot's conduct, only then may you find Home Depot liable for reckless misconduct.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

## 11. <u>DAMAGES</u>

If you determine that Mr. Montalvo proved that Home Depot acted recklessly in any one of the ways alleged in the Complaint and that such conduct was the legal cause of the plaintiff's injuries, then Mr. Montalvo is entitled to recover the same kind and amount of damages he would be entitled to recover if he proved that Home Depot was negligent.  There are two differences, however.  For the negligence claim, if you determine that Mr. Montalvo substantially contributed to his own injuries, then you cannot award Mr. Montalvo damages. However, unlike for the negligence claim, for a recklessness claim, if you determine that Mr. Montalvo was guilty of contributory negligence to any degree, then he may still recover damages.  Contributory negligence is not a defense to reckless misconduct.

Also, for the negligence claim, even if you determine that Home Depot was liable, you cannot award Mr. Montalvo punitive damages.  However, unlike for a negligence claim, if you determine that Home Depot's conduct was reckless, then Mr. Montalvo is entitled to recover punitive or exemplary damages.  Such damages are designed to compensate the plaintiff.  They are not designed to punish Home Depot.  Before you may award exemplary damages, Mr. Montalvo must offer evidence of the cost of the litigation because you may not award exemplary damages in an amount more than litigation expenses less taxable costs.

- 22 -

359183 v.01 S1

- 24 -

**SHIPMAN & GOODWIN** LLP • *COUNSELORS AT LAW*

ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSE MONTALVO                          : CIVIL ACTION NO. 301CV685 AVC
                                       :
            Plaintiff,                 :
                                       :
            v.                         :
                                       :
HOME DEPOT U.S.A., INC.                :
                                       :
            Defendant.                 : DECEMBER ____, 2003

<u>PLAINTIFF'S VERDICT FORM - FIRST COUNT</u>

We, the jury, unanimously find in favor of the plaintiff, Mr. Montalvo, on the First

Count of her Complaint and assess the following percentages of fault:

        Mr. Montalvo          _____ %

        Home Depot            _____ %

If Mr. Montalvo's fault exceeds Home Depot's fault <u>STOP</u>.  Fill out the Defendant's

verdict form.

We further award the Plaintiff the following damages:

        Economic Damages      $_____

        Noneconomic Damages   $_____

        Total Damages         $_____

        Total Damages

after reduction
for negligence                    $_____


_____
Foreperson (sign in ink)

359183 v.01 S2

- 2 -

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSE MONTALVO                          :   CIVIL ACTION NO. 301CV685 AVC
                                       :
            Plaintiff,                 :
                                       :
      v.                               :
                                       :
HOME DEPOT U.S.A., INC.                :
                                       :
            Defendant.                 :   _____, 2003

## DEFENDANT'S VERDICT FORM - FIRST COUNT

      We, the jury, unanimously find in favor of the defendant, Home Depot, on the First

Count of the plaintiff's complaint.



                                       _____
                                       Foreperson (sign in ink)


359183 v.01 S3

**SHIPMAN & GOODWIN** LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT  06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385