FILED

2004 JAN 23 P 3: 47

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE MONTALVO | : CIVIL ACTION NO. 301CV685 AVC |
| Plaintiff, | : |
| v. | : |
| HOME DEPOT U.S.A., INC. | : |
| Defendant. | : JANUARY 23, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO PRECLUDE EVIDENCE AND
WITNESS TESTIMONY AND FOR DISMISSAL**

**I.    FACTUAL BACKGROUND**

Home Depot is now moving to preclude plaintiff from introducing evidence or witnesses at trial and to dismiss the Complaint due to his failure to cooperate with discovery, to comply with the pretrial disclosure requirements of Rule 26, and to comply with the Orders of this Court. The sanctions requested are appropriate, especially in light of the history of abuses and failures to comply with the Orders of this Court as chronicled below.

Plaintiff, Jose Montalvo ("Montalvo"), filed a Complaint in Superior Court, Judicial District of Fairfield at Bridgeport, on March 20, 2001 against Home Depot U.S.A., Inc. ("Home Depot"). The First Count of Montalvo's Complaint sounds in negligence. The

Second Count sounds in recklessness. On or about April 23, 2001, Home Depot filed a Notice of Removal to the United States District Court for the District of Connecticut, based upon diversity of citizenship jurisdiction. Home Depot propounded its first set of interrogatories and requests for production upon Montalvo on July 16, 2001. On October 15, 2001, having not received responses to the first set of interrogatories and requests for production, and after a number of efforts to obtain these responses, Home Depot filed a motion to compel seeking an order that Montalvo respond to Home Depot's discovery request. Montalvo continued to disregard Home Depot's discovery request, and similarly disregarded Home Depot's Motion to Compel. Home Depot's Motion to Compel was granted by the Honorable Alfred V. Covello, and compliance with the discovery was ordered on November 16, 2001. Despite the Court's November 16th Order, Montalvo did not respond to the discovery request. Accordingly, on January 22, 2002, Home Depot filed a Motion to Dismiss pursuant to Rule 37(b) of the Federal Rules of Civil Procedure. The basis for this motion was that Montalvo had not only failed to comply with the Federal Rules of Civil Procedure pertaining to discovery, but had also failed to comply with the Order entered by the Court. Only after Home Depot moved to dismiss, did Montalvo finally respond, on or about February 26, 2002. The responses submitted were more than six months after they were due and more than three months after the Court granted Home Depot's motion to compel.

2

SHIPMAN & GOODWIN LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

Home Depot's efforts to have Mr. Montalvo examined by a medical expert were equally unenviable. Home Depot attempted to schedule a medical examination to be conducted by Yarob Mushaweh, M.D., a qualified neurosurgeon, on repeated occasions. Each effort, however, was met with resistance by Montalvo, including cancellations or failures to attend scheduled dates for the examination. As a result of Montalvo's failure to cooperate in the discovery process, Home Depot was forced to file a motion for an order that Montalvo submit to a medical examination. Montalvo simply failed to respond to this motion, without alerting Home Depot or the Court regarding his position on the issue. There being no objection, the Court granted Home Depot's motion on August 1, 2003.

On May 5, 2003, the Court ordered that the parties jointly submit a trial memorandum by June 5, 2003. The Court ordered, among other things, that the parties submit a list of witnesses and a list of trial exhibits. On May 23, 2003, Home Depot moved for an extension of time to complete discovery. Home Depot's primary basis for moving to extend discovery was Montalvo's failure to submit to a medical examination, and his failure to provide expert reports. As a result of the extended discovery period, there was a subsequent *second* trial memorandum order on November 7, 2003. This time, the Court ordered that the parties jointly submit a trial memorandum no later than December 8, 2003. On December 4, 2003, Home Depot provided by telecopier a draft trial memorandum to Plaintiff's counsel, seeking his cooperation in preparing the memorandum jointly. See

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

Exhibit A. That day, Montalvo's counsel and the undersigned spoke with regard to the trial memorandum, at which time Montalvo's counsel indicated a desire to seek a continuance of the deadline to submit a trial memorandum. Home Depot's counsel advised Montalvo's counsel that Home Depot would decline to join in such an effort because the case was too old and because discovery had long closed. After attempting to contact Mr. Montalvo's counsel by telephone, the undersigned counsel telecopied a letter to him indicating that Home Depot would unilaterally submit a trial memorandum by the deadline if revisions were not received. See Exhibit B. Despite these conversations and correspondence with Montalvo's counsel, Montalvo never submitted any revisions or input with regard to the trial memorandum, and as of the date of this motion, has not provided Home Depot with a list of witnesses or a list of trial exhibits. The trial in this matter is set to begin on February 5, 2004. Home Depot has been incapable of adequately preparing for trial due to Montalvo's failure to comply with the joint trial memorandum order, the pretrial disclosure requirements of Rule 26 and expert disclosures pursuant to the Fed. R. Civ. P. 26.

**II.   LAW AND ARGUMENT**

Fed. R. Civ. P. 26(a)(2) requires that parties disclose all experts, accompanied by a written report prepared and signed by the witness. The Rule further requires that

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

the report be accompanied by all the data considered by the witness; any exhibits to be used by the witness; the qualifications of the witness, including a list of publications authored by the witness; the compensation to be paid to the witness; and a listing of prior trial testimony.[1]

Rule 26(a)(3) states in relevant part that:

> a party must provide to other parties and promptly file with the court the following information regarding the evidence that it may present at trial other than solely for impeachment:
>
> (A)  the name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises;
> (B)  the designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony; and
> (C)  an appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.
>
> Unless otherwise directed by the court, these disclosures must be made **at least 30 days before trial**. Within 14 days thereafter, unless a different time is specified by the court, a party may serve and

---

[1] Although Montalvo has provided treatment records of experts, he has provided no formal expert disclosure containing those items required by Fed. R. Civ. P. 26(a)(2)(B). Moreover, it is Home Depot's understanding that plaintiff intends to have expert testimony relating to future surgery. There has never been any report indicating this need. Moreover, Home Depot requested that Montalvo provide originals of all x-rays, MRIs and films so that Home Depot could have these interpreted by a radiologist. These original films were requested by letters on October 31, 2003 and November 20, 2003. See Exhibit C. The films are yet to be provided.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

> promptly file a list disclosing (i) any objections to the use under Rules 32(a) of a deposition designated by another party under Rule 26(a)(3)(B) and (ii) any objection, together with the grounds therefore, that may be made to the admissibility of materials identified under Rule 26(a)(3)(C).
>
> Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the Court for good cause.

Fed. R. Civ. P. 26(a)(3). Subsection 4 further states that "unless the Court orders otherwise, all disclosures under Rules 26(a)(1) through (3) must be made in writing, signed, and served. Fed. R. Civ. P. 26(a)(4). This Court ordered on May 5, 2003 and November 7, 2003 that the parties provide a list of witnesses, a list of all trial exhibits, and proposed jury instructions. Despite the clear mandates of the Federal Rules of Civil Procedure, the unambiguous orders of this Court, and the efforts of Home Depot to obtain these materials from Montalvo, Montalvo has completely and unjustifiably failed to provide either expert disclosures, witness disclosures or trial exhibit disclosures. At this late date, it is less than fifteen days from the start of trial. Montalvo is already a month and a half past the deadline imposed by the Court's order of November 7, 2003.

Fed. R. Civ. 37(b)(2) states in relevant part that:

> [i]f a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence . . ."
> (C) An order . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

In addition, Rule 37(c)(1) provides that:

> (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.

Fed. R. Civ. P. 37(c)(1).

In this case, dismissal is appropriate under Fed. R. Civ. P. 37(b)(2) <u>and</u> under Fed. R. Civ. P. 37(c)(1). Dismissal is appropriate under Rule 37(b)(2) because Montalvo has failed to comply with the Orders of this Court. Dismissal is appropriate under Rule 37(c)(1) because Montalvo has failed to provide expert witness disclosures and pretrial disclosures pursuant to Rule 26(a)(2) and (3).

Montalvo cannot offer any substantial justification for his failure to comply with the rules of civil procedure or the orders of the Court. Both the orders and the rules are

7

unambiguous in their mandates. Moreover, Home Depot advised Montalvo of these requirements through its telephonic and written communications. As chronicled in the factual background section of this memorandum, Montalvo's failures to comply with the rules of procedure and the orders of this Court pre-date this most recent abuse, and depict a clear history of disregard.

These abuses have all been to the detriment and prejudice of Home Depot. For example, Montalvo's failure to provide x-ray and MRI films has left Home Depot incapable of seeking out and retaining the experts it otherwise would have retained. Montalvo's failure to provide compliant expert disclosures has similarly prevented Home Depot from adequately choosing and retaining experts. Home Depot is left to guess what Montalvo's experts may or may not say at trial. Montalvo's failure to provide Home Depot with the qualifications of its experts, their trial testimonies, their publications or their compensation has prevented Home Depot from adequately deposing Plaintiff's experts and preparing for their cross-examination at trial, and/or from filing an appropriate <u>Daubert</u> motion.

The same is true with Montalvo's failure to provide a list of its intended witnesses. Rule 26(a)(3) and the Court's order of November 7, 2004 are intended to eliminate surprise, allow for adequate preparation, and to ensure the efficiency of trial. Home Depot complied with its obligations by giving Montalvo full notice of its intended witnesses and intended trial exhibits. By the start of trial, Montalvo will have had almost two months to study

8

SHIPMAN & GOODWIN LLP • *COUNSELORS AT LAW*
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

Home Depot's disclosures; to prepare his cross-examinations; and to prepare arguments to rebut Home Depot's exhibits. Montalvo has gained this advantage and Home Depot has been prejudiced, completely due to Montalvo's own lack of due diligence.

It is particularly telling that all these abuses have been without explanation and without an effort to extend the deadlines.

Home Depot is mindful of the extraordinary relief it seeks, but it would be contrary to principles of fair play to allow Montalvo to gain advantage at trial solely by reason of his own abuses and noncompliance.

### III.  CONCLUSION

For the reasons stated herein, Home Depot respectfully requests that Montalvo be precluded from introducing witnesses and evidence at trial, and that this case be dismissed.

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

DEFENDANT,

HOME DEPOT U.S.A., INC.

By *(signature)*
Jose M. Rojas
Federal Bar No. ct22569
For Shipman & Goodwin LLP
One American Row
Hartford, CT 06103-2819
Telephone: (860) 251-5000
Telecopier: (860) 251-5775
Email: jrojas@goodwin.com
Its Attorneys

### CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed, via U.S. mail, postage prepaid, this the 23rd day of January 2004, to:

Enrico Vaccaro, Esq.
1057 Broad Street
Bridgeport, CT  06604

*(signature)*
Jose M. Rojas

362762 v.01 S2

SHIPMAN & GOODWIN LLP • COUNSELORS AT LAW
ONE AMERICAN ROW • HARTFORD, CONNECTICUT 06103-2819 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385



One American Row
Hartford, Connecticut 06103-2819
Phone: (860) 251-5000

Jose M. Rojas
Phone: (860) 251-5724
Fax: (860) 251-5700
jrojas@goodwin.com

December 4, 2003

**Via TELECOPIER**
Enrico Vaccaro, Esq.
1057 Broad Street
Bridgeport, CT  06604

    Re:    <u>Jose Montalvo vs. Home Depot U.S.A., Inc.</u>
            Our File No.: 29614-194

Dear Attorney Vaccaro:

    Attached are our Joint Trial Memorandum and Home Depot's Preliminary Request to Charge. Please call me to discuss so that we will be able to submit these materials jointly.

                                            Sincerely,

                                            Jose M. Rojas

JMR/clh

Enclosures

Hartford                  Stamford                Lakeville                Boston

```
                                                                                    P. 1
         * * * COMMUNICATION RESULT REPORT ( DEC. 4.2003  4:05PM ) * * *

                                                      FAX HEADER:  SHIPMAN&GOODWIN

TRANSMITTED/STORED : DEC. 4.2003  4:00PM
FILE MODE           OPTION          ADDRESS                          RESULT    PAGE
-----------------------------------------------------------------------------------
570  MEMORY TX                      ##2961400194-912033300865         OK        36/36



----------------------------------------------------------------------------------
REASON FOR ERROR
  E-1) HANG UP OR LINE FAIL                E-2) BUSY
  E-3) NO ANSWER                           E-4) NO FACSIMILE CONNECTION
```

# Fax Message



**Shipman & Goodwin LLP**
COUNSELORS AT LAW

One American Row
Hartford, Connecticut 06103-2819
Phone: (860) 251-5000

| | |
|---|---|
| TO: Enrico Vaccaro, Esq. | Date/Time: 12/4/2003 / 02:00 PM |
| Company: | |
| Fax Number: (203) 330-0865 | Matter #: 29614/194 |
| FROM: Jose M. Rojas | |
| Telephone: (860) 251-5724 | Facsimile: (860) 251-5700 |
| Subject: Montalvo v. Home Depot | No. Pages (including cover): 36 |

**MESSAGE:**

See attached.

THIS MESSAGE IS ONLY FOR THE USE OF THE ADDRESSEE AND MAY CONTAIN CONFIDENTIAL AND PRIVILEGED INFORMATION. Any dissemination, distribution or copying of this communication other than by the intended recipient(s) is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone (collect), and destroy all copies of this communication. Thank you.



**Shipman & Goodwin** LLP
COUNSELORS AT LAW

One American Row
Hartford, Connecticut 06103-2819
Phone: (860) 251-5000

Jose M. Rojas
Phone: (860) 251-5724
Fax: (860) 251-5700
jrojas@goodwin.com

December 5, 2003

**Via TELECOPIER**
Enrico Vaccaro, Esq.
1057 Broad Street
Bridgeport, CT 06604

Re: <u>Jose Montalvo vs. Home Depot U.S.A., Inc.</u>
Our File No.: 29614-194

Dear Attorney Vaccaro:

In response to your telephone call of December 4, I attempted to contact you on Friday, December 5. Due to the upcoming deadline, I believe it will be most efficient for you to revise the Joint Trial Memorandum and return it to me with your proposed revisions. In the event that you are not able to contact me with your revisions, I will submit the report on Monday.

Please call me with any questions or concerns.

Sincerely,

Jose M. Rojas

JMR/clh

292585 v.01 S66

```
* * *  COMMUNICATION RESULT REPORT ( DEC. 5.2003 5:39PM ) * * *
                                                       FAX HEADER:  SHIPMAN&GOODWIN

TRANSMITTED/STORED : DEC. 5. 2003  5:38PM
FILE MODE           OPTION          ADDRESS                       RESULT    PAGE
-----------------------------------------------------------------------------------
602  MEMORY TX                      ##2961400194-912033300865      OK        2/2


-----------------------------------------------------------------------------------
     REASON FOR ERROR
          E-1) HANG UP OR LINE FAIL              E-2) BUSY
          E-3) NO ANSWER                         E-4) NO FACSIMILE CONNECTION
```

# Fax Message



Shipman & Goodwin LLP
COUNSELORS AT LAW

One American Row
Hartford, Connecticut 06103-2819
Phone: (860) 251-5000

| | |
|---|---|
| TO: Enrico Vaccaro, Esq. | Date/Time: 12/4/2003 / 02:00 PM |
| Company: | |
| Fax Number: (203) 330-0865 | Matter #: 29614/194 |
| FROM: Jose M. Rojas | |
| Telephone: (860) 251-5724 | Facsimile: (860) 251-5700 |
| Subject: Montalvo v. Home Depot | No. Pages (including cover): |

**MESSAGE:**

See attached.

THIS MESSAGE IS ONLY FOR THE USE OF THE ADDRESSEE AND MAY CONTAIN CONFIDENTIAL AND PRIVILEGED INFORMATION. Any dissemination, distribution or copying of this communication other than by the intended recipient(s) is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone (collect), and destroy all copies of this communication. Thank you.

**Shipman & Goodwin LLP**
COUNSELORS AT LAW

One American Row
Hartford, Connecticut 06103-2819
Phone: (860) 251-5000

Jose M. Rojas
Phone: (860) 251-5724
Fax: (860) 251-5700
jrojas@goodwin.com

October 31, 2003

Enrico Vaccaro, Esq.
1057 Broad Street
Bridgeport, CT 06604

Re: Jose Montalvo vs. Home Depot U.S.A., Inc.
    Our File No.: 29614-194

Dear Attorney Vaccaro:

At your earliest opportunity, please forward to me the actual films of Mr. Montalvo's MRIs. We will gladly refund you for any reproduction expenses arising from the same.

Sincerely,

Jose M. Rojas

JMR/clh

292585 v.01 S59

# Shipman & Goodwin LLP
## COUNSELORS AT LAW

One American Row
Hartford, Connecticut 06103-2819
Phone: (860) 251-5000

---

Jose M. Rojas
Phone: (860) 251-5724
Fax: (860) 251-5700
jrojas@goodwin.com

November 10, 2003

Enrico Vaccaro, Esq.
1057 Broad Street
Bridgeport, CT  06604

Re:   Jose Montalvo vs. Home Depot U.S.A., Inc.
      Our File No.: 29614-194

Dear Attorney Vaccaro:

Enclosed please find our Supplemental Responses to Plaintiff's Interrogatories and Requests for Production Dated June 6, 2002. Please be advised that these are being provided to you pursuant to the protective order executed by you and are subject to that protective order.

If you have any questions regarding these materials, please do not hesitate to contact me.

On a separate note, I am still awaiting the MRI films which I require for review by a radiologist.

Sincerely,

Jose M. Rojas

JMR/clh

Enclosures

292585 v.01 S60

Hartford          Stamford          Lakeville          Boston